UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLIFF G. MARSH** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-175-BAJ-RLB** |
| **LOWE'S HOME CENTERS, L.L.C.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 4, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLIFF G. MARSH**                                                         **CIVIL ACTION**

**VERSUS**

**NO. 16-175-BAJ-RLB**

**LOWE'S HOME CENTERS, L.L.C.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

Before the Court is Plaintiff's Motion for Leave to Amend Petition and Motion for Remand (R. Doc. 10) filed on July 26, 2016.  Plaintiff represents that "Counsel for the defendant has stated the defendant has no opposition to this motion." (R. Doc. 10 at 1).

**I.      Background**

On September 11, 2015, Cliff G. Marsh ("Plaintiff") filed this personal injury action against Lowe's Home Centers, LLC ("Lowe's") in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-3, "Petition").  Plaintiff seeks to recover damages resulting from the alleged negligence of a Lowe's employee who caused roofing material to fall on Plaintiff's head. (Petition, ¶ 3).  The employee was not named a defendant in the Petition or otherwise identified in the Petition.

On March 15, 2016, Lowe's removed the action on the basis of diversity jurisdiction. (R. Doc. 1).  Lowe's asserts in the Notice of Removal that although the amount in controversy is not facially apparent from the Petition, discovery responses provided by Plaintiff on February 17, 2016 indicated that his past lost wage claim totals approximately $135,000 and that he has incurred approximately $30,846 in medical expenses. (R. Doc. 1 at 2).  Lowe's further asserts that there is complete diversity between the parties as Plaintiff is a citizen of Louisiana and Lowe's is a citizen of North Carolina. (R. Doc. 1 at 3).

1

On May 5, 2016, the parties submitted a joint Status Report explaining that Plaintiff intended to seek leave to add as a non-diverse defendant the employee who allegedly caused Plaintiff's injuries once such information was provided by Lowe's in response to discovery. (R. Doc. 6 at 1).

On July 18, 2016, the deadline set by the Court to amend the pleadings, Plaintiff filed his first Motion for Leave to Amend Petition and Motion for Remand. (R. Doc. 8).  The Court denied the motion, without prejudice to refiling, on the basis that Plaintiff did not attached a proposed pleading. (R. Doc. 9)

On July 26, 2016, Plaintiff filed the instant, second Motion for Leave to Amend Petition and Motion for Remand (R. Doc. 10).  Plaintiff attached a proposed Amended Complaint (R. Doc. 10-1) to the motion.

Plaintiff seeks to amend his original Petition to add Jacolby Mott, a citizen of Louisiana, as a non-diverse defendant on the basis that he is the Lowe's employee who caused Plaintiff's injuries. (R. Doc. 10).  Plaintiff represents that Lowe's "declined to identify Mr. Mott's address or state of residence in its disclosures" and "has still not answered the interrogatories that require disclosure of his address, despite multiple requests and the passage of months since service." (R. Doc. 10-2 at 1-2).  Plaintiff further represents that he identified Mr. Mott through social media. (R. Doc. 10-2 at 2).

In addition to amendment, Plaintiff seeks remand of the action on the basis that the addition of Mr. Mott as a non-diverse defendant will destroy complete diversity. (R. Doc. 10-2 at 1).

2

**II.     Law and Analysis**

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.  Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).  In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Should the Court grant leave to amend, the addition of Mr. Mott as a defendant would destroy diversity as both he and the Plaintiff are alleged to be citizens of Louisiana.  When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether, the court also must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  The *Hensgens* factors require a balancing of the parties' competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182.  Courts should also consider "any other factors bearing on the equities." *Id*.

3

Having weighed the four factors in *Hengens*, and Plaintiff's representation that the instant motion is unopposed, the Court concludes that amendment is proper.  There is no indication that the purpose behind the amendment is to defeat federal jurisdiction and Plaintiff represents that he has sought the identity of this individual prior to removal.  For this same reason, the second factor weighs in Plaintiff's favor as Plaintiff has been diligent in seeking to identify the individual referenced in the Petition as the Lowe's employee who negligently caused roofing materials to fall on Plaintiff.  The third factor also supports amendment, as Plaintiff could suffer injury should he not be allowed to seek recovery from the individual who allegedly harmed him.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** the Plaintiff's Motion for Leave to Amend Petition and Motion for Remand (R. Doc. 10) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiff's Amended Complaint (R. Doc. 10-1) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the Amended Complaint into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 4, 2016.

_____
　　　　RICHARD L. BOURGEOIS, JR.
　　　　UNITED STATES MAGISTRATE JUDGE